1   DOUGLAS E. OLSON (CSB# 38649)
    dougolson@sandiegoiplaw.com
2   JAMES V. FAZIO, III (CSB# 183353)
    jamesfazio@sandiegoiplaw.com
3   TREVOR Q. CODDINGTON, PH.D. (CSB# 243042)
    trevorcoddington@sandiegoiplaw.com
4   SAN DIEGO IP LAW GROUP LLP
    12526 High Bluff Drive, Suite 300
5   San Diego, CA  92130
    Telephone:    (858) 792-3446
6   Facsimile:    (858) 792-3447

7   Attorneys for Plaintiff and Counterclaim Defendant,
    GEOFFREY L. MCCABE

8

9                   IN THE UNITED STATES DISTRICT COURT

10                FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

12   GEOFFREY L. MCCABE, an individual       CASE NO. 3:10-CV-00581-JLS-JMA
     residing in California,
13                                           FIRST AMENDED COMPLAINT FOR
                  Plaintiff,                 (1) INFRINGEMENT OF U.S. PATENT
14                                           NO. 5,965,831; (2) INFRINGEMENT
           vs.                               OF U.S. PATENT NO. 7,470,841; (3)
15                                           INFRINGEMENT OF U.S. PATENT
     FLOYD ROSE GUITARS, a Washington        NO. 6,175,066; (4) INFRINGEMENT
16   corporation; FLOYD ROSE MARKETING,      OF U.S. PATENT NO. 6,891,094; (5)
     INC., a Washington corporation; FLOYD D. INFRINGEMENT OF U.S. PATENT
17   ROSE, an individual residing in Washington; NO. 5,986,191; (6) FALSE MARKING;
     DAVITT & HANSER MUSIC CO., a            (7) COMMON LAW UNFAIR
18   Kentucky corporation; PING WELL         COMPETITION; AND (8)
     INDUSTRIAL CO., Ltd., a Taiwan          STATUTORY UNFAIR
19   corporation; and DOES 1 through 10,     COMPETITION
     inclusive,
20                                           DEMAND FOR JURY TRIAL
                  Defendants.
21

22

23

24

25

26

27

28

Plaintiff Geoffrey L. McCabe ("McCabe") hereby submits his First Amended Complaint against Floyd Rose Guitars; Floyd Rose Marketing, Inc. (d.b.a., Floyd Rose Guitars); Floyd D. Rose, an individual; Davitt & Hanser Music Co.; Ping Well Industrial Co., Ltd.; AP Global Enterprises Inc. (formerly DOE 1); Schaller Electronic GmbH (formerly DOE 2); and DOES 3 through 10 (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1.      This action involves technology relating to tremolo devices for stringed musical instruments such as electric guitars.  A tremolo device typically includes a lever arm or bar (commonly known as a "whammy bar") attached to a bridge and/or tailpiece of an electric guitar. In use, a guitarist moves the tremolo bar back and forth to activate the tremolo device in order to vary the tension and/or length of all strings temporarily, thereby changing the pitch of those strings to create a tremolo or vibrato effect.

2.      McCabe is informed and believes, and thereon alleges, that Clarence Leonidas Fender, also known as Leo Fender, is generally credited with introducing the first fulcrum tremolo device, on the Stratocaster electric guitar (or "Strat") in 1954. A fulcrum tremolo is a unique species of tremolo in that the entire tremolo, including both the bridge and tailpiece portions, pivots about a fulcrum axis and is held in an initial tuned position by the balance between the tension of the strings pulling the tremolo in one direction on the one hand, and biasing or tensioning springs, which connect the fulcrum tremolo to the instrument body, pulling the tremolo in the opposite direction, on the other hand. The fulcrum tremolo is unique compared to other tremolo designs because a change in the tension of any string disturbs the initial position of the tremolo and thereby alters the initial harmonic tuning of the instrument. Accordingly, for the fulcrum tremolo, adjusting the tuning pegs on the head of the guitar to reestablish the string back to the initial pitch also, simultaneously, reestablishes the initial harmonic tuning of the instrument. Leo Fender was awarded U.S. Patent No. 2,741,146, on April 10, 1956, for his fulcrum tremolo design. Leo Fender founded the famous Fender Electric Instrument Manufacturing Company, which is now known as Fender Musical Instruments Corporation ("Fender").

1

3.    McCabe is informed and believes, and thereon alleges, that in the mid to late 1970s, Defendant Floyd D. Rose developed an improved fulcrum tremolo (sometimes referred to as his "double-locking" invention) by adding, among other things, clamping devices positioned at the nut of the instrument and the bridge portion of the tremolo in order to clamp the guitar strings at two points after the instrument is first tuned by the tuning pegs at the head of the guitar. The purpose of the clamping devices is to improve the stability of the tuned condition of the strings during and after movement of the tremolo bar, which was not achievable with older tremolo devices such as those found on the original Fender Strat. A fine tuner arrangement is included on the fulcrum tremolo to permit further tuning of the strings within a limited range after the strings have been clamped. Once the string clamps were engaged, the only means for adjusting string tension is by each of the fine tuner knobs, one for each string, located on the tremolo itself. Accordingly, this means that upon performing a single adjustment by at least one of the fine tuner adjustment knobs the string is returned back to initial pitch and simultaneously reestablishes the initial harmonic tuning of the instrument.

4.    For his improvement of fulcrum tremolos, Defendant Floyd D. Rose was awarded U.S. Patent No. 4,171,661 (the '661 patent), on October 23, 1979, and U.S. Patent No. 4,497,236 (the '236 patent), on February 5, 1985. McCabe is informed and believes, and thereon alleges, that in 1977, Floyd Rose began commercializing his improved fulcrum tremolo design, which is still in production today and marketed under the brand name "Original Floyd Rose Fulcrum Tremolo" or "The Floyd Rose Original" tremolo. With the likes of world-renowned rock guitarists such as Eddie Van Halen adopting and endorsing the Original Floyd Rose Fulcrum Tremolo in the late 1970s and early 1980s, Floyd Rose and his related business entities generated unprecedented sales of tremolos devices and garnered significant royalties and royalty rates (believed to be up to 50% if not more) under the '661 patent and '236 patent for licensed third-party fulcrum tremolos and guitars with fulcrum tremolos. The '661 patent and the '236 patent expired in 1997 and 2002, respectively.

5.    Beginning in the late 1980s, Plaintiff Geoffrey L. McCabe invented certain improved designs of fulcrum tremolos including, among other things, a fulcrum tremolo with a

-2-

FIRST AMENDED COMPLAINT

macro-tuner. A macro-tuner is a full range tuner, which permits both harmonic tuning of the instrument and the complete pitch tuning of each guitar string without the need for a tuning peg at the head of the guitar.  For his improved fulcrum tremolo designs, Geoffrey L. McCabe has been awarded seven U.S. Patents since October of 1990, five of which are asserted here.

## JURISDICTION AND VENUE

6.     This action arises under the Patent Laws of the United States, Title 35 of the United States Code.

7.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 1367.

8.     Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400(b).

## THE PARTIES

9.     Plaintiff Geoffrey L. McCabe ("McCabe") is an individual residing in Los Angeles, California.

10.     McCabe is informed and believes, and thereon alleges, that Defendant Floyd Rose Marketing, Inc. ("FRM") is a corporation organized and existing under the laws of the State of Washington, having had a place of business located at 6855 176th Avenue, NE, Bellevue, Washington 98052 and presently having a place of business located at 227 Bellevue Way NE #330, Bellevue, Washington 98004. According to official corporate records of the State of Washington, Defendant Floyd D. Rose is designated as President of FRM.

11.     McCabe is informed and believes, and thereon alleges, that FRM has on occasion done business as Floyd Rose Guitars at a facility located at 6855 176th Avenue, NE, Redmond, Washington 98052. FRM also does business as "Floyd Rose" with a mailing address of P.O. Box 601, Oakhurst, New Jersey 07755, the same address listed for Defendant AP Global Enterprises, Inc. FRM also has done business as "Floyd Rose Guitar Lab" on various occasions.

12.     McCabe is informed and believes, and thereon alleges, that Defendant Floyd D. Rose ("Rose"), an individual, resides at 500 106th Avenue NE #607, Bellevue, Washington 98044.  Rose resided in San Diego County at 117 Via de la Valle, Del Mar, California 92014 from June 10, 1993 to November 5, 1999. Up to May of 2010, Rose owned property in San Diego

-3-

County at 610 N Tremont St., Oceanside, California 92054. Rose regularly attends the National Association of Music Merchants (NAMM) Show held annually in southern California to launch, demonstrate, and solicit sales of Rose branded products. Rose also regularly visits southern California to personally meet with artists who endorse his products. According to United States Patent & Trademark Office records, Rose has done business as Rose Tremolo Systems.

13.     McCabe is informed and believes, and thereon alleges, that FRM is the alter-ego of Rose. They are both named "Floyd Rose." At various times, FRM was operated out of Rose's home residence at 117 Via de la Valle, Del Mar, California 92014. Rose is the spokesman for FRM. FRM solicits business through the domain name www.floydrose.com.

14.     McCabe is informed and believes, and thereon alleges, that FRM is merely a conduit for the affairs of Rose.  FRM has been operated out of Rose's residence at 6427 Lake Washington Blvd. NE, Kirkland, Washington 89033 in addition to his previous residence in Del Mar, California. Rose has received and continues to receive a significant amount of licensing revenue directly from licensees (and not through FRM) for his trademarked brand "Floyd Rose," his patents (most of which are owned and licensed in his name and not FRM), his alleged trade dress rights, and his publicity rights for being Floyd Rose.

15.     McCabe is informed and believes, and thereon alleges, that FRM is used to perpetrate fraud. FRM and Rose, among other Defendants, have been intentionally deceiving the public by marking various unpatented Rose branded products and components thereof (as well as promotional literature) with expired patent numbers for over 13 years. Rose personally controls the manufacturing and patent marking of Rose branded products.

16.     McCabe is informed and believes, and thereon alleges, that Defendant Davitt & Hanser Music Co. ("DHM") is a corporation organized and existing under the laws of the State of Kentucky, having a principal place of business located at 2395 Arbor Tech Drive, Hebron, Kentucky 41048.

17.     McCabe is informed and believes, and thereon alleges, that Defendant Ping Well Industrial Co., Ltd. ("PWI") is a corporation organized and existing under the laws of Taiwan, having a principal place of business located at No. 51, Sho Yi 5 Lane, Taichung, Taiwan. In 2010,

-4-

PWI manufactured, sold, and/or shipped music equipment parts, e.g., machine guitar heads, on numerous occasions to Taylor-Listug, Inc. (d.b.a., Taylor Guitars), a California corporation located in San Diego County at 1980 Gillespie Way, El Cajon, California 92020. PWI has manufactured and imported, and continues to manufacture and import Rose-branded products and components thereof (including those that form the basis for McCabe's claims of patent infringement and false marking), which are ultimately sold in the United States and California in particular.

18.     McCabe is informed and believes, and thereon alleges, that Defendant AP Global Enterprises, Inc. ("APG") is a corporation organized and existing under the laws of New Jersey, having a principal place of business at P.O. Box 601, Oakhurst, New Jersey 07555. FRM (d.b.a., Floyd Rose) is represented to be a division of APG at www.floydrose.com. APG is believed to be owned by Andrew ("Andy") Papiccio. APG regularly solicits and conducts business in California with California entities and is registered as an exhibitor for the January 2011 NAMM Show, which will take place in Anaheim, California.

19.     McCabe is informed and believes, and thereon alleges that APG does business as "AP International."  At www.floydrose.com, "Floyd Rose" is represented to be a division of "AP International." APG has also done business as AP International Enterprises, Inc.  Official corporate records for the State of New Jersey indicate that corporate status for AP International Enterprises, Inc. was revoked sometime around 2003 for failing to file annual reports for 2 consecutive years.

20.     McCabe is informed and believes, and thereon alleges, that Defendant Schaller Electronic GmbH ("Schaller") is a corporation organized and existing under the laws of Germany, having a principal place of business at An der Heide 15, 92353 Postbauer-Heng, Germany. Schaller has systematic and continuous ties to California, and annually attends the annual NAMM Show held in southern California to solicit and conduct business. Schaller has manufactured and imported, and continues to manufacturer and import Rose-branded products and components thereof (including those that form the basis for McCabe's claims of patent infringement and false marking), which are ultimately sold in the United States and California in

**FIRST AMENDED COMPLAINT**

particular. Schaller is registered as an exhibitor for the January 2011 NAMM Show, which will take place in Anaheim, California.

21.     McCabe is ignorant of the true names and capacities of the individuals and entity Defendants sued herein as DOES 3 through 10, inclusive, and therefore sued these Defendants by such fictitious names.  McCabe will amend the complaint to assert their true names when they have been ascertained.

## **GENERAL ALLEGATIONS**

22.     On October 12, 1999, the United States Patent & Trademark Office ("PTO") duly and lawfully issued U.S. Patent No. 5,965,831, entitled "Tuning Means for Stringed Musical Instrument" ("the '831 patent").  A copy of the '831 patent is attached hereto as Exhibit A. McCabe owns the entire rights, title, and interest to the '831 patent.

23.     On November 16, 1999, the PTO duly and lawfully issued U.S. Patent No. 5,986,191, entitled "Tuning Means for Fulcrum Tremolo" ("the '191 patent").  McCabe owns the entire rights, title, and interest to the '191 patent, a copy of which is attached hereto as Exhibit B.

24.     On January 16, 2001, the PTO duly and lawfully issued U.S. Patent No. 6,175,066, entitled "Tuning Means for Stringed Musical Instrument" ("the '066 patent").  McCabe owns the entire rights, title, and interest to the '066 patent, a copy of which is attached hereto as Exhibit C.

25.     On May 10, 2005, the PTO duly and lawfully issued U.S. Patent No. 6,891,094, entitled "Tuning Means for Stringed Musical Instrument" ("the '094 patent").  McCabe owns the entire rights, title, and interest to the '094 patent, a copy of which is attached hereto as Exhibit D.

26.     On December 30, 2008, the PTO duly and lawfully issued U.S. Patent No. 7,470,841, entitled "Tuning Apparatus for Stringed Instrument" ("the '841 patent").  McCabe owns the entire rights, title, and interest to the '841 patent, a copy of which is attached hereto as Exhibit E.

27.     McCabe is informed and believes, and thereon alleges, that Defendants' SpeedLoader Tremolo and SpeedLoader Fixed Bridge, and guitars equipped with the SpeedLoader Tremolo or SpeedLoader Fixed Bridge (collectively, "the accused products") satisfy, either literally or under the doctrine of equivalents, every element recited in one or more

-6-

claims of the '831, '191, '066, '094, and '841 patents. Each and every Defendant infringes one or more claims of the '831, '191, '066, '094, and '841 patents, and their infringement has been and continues to be willful.

28.     McCabe is informed and believes, and thereon alleges, that Defendants' guitars equipped with a SpeedLoader Tremolo or SpeedLoader Fixed Bridge include at least two commercial lines of guitars marketed under the brand names "Redmond Series" (versions 1-5 and K) and "Discovery Series." The Redmond Series and the Discovery Series of guitars do not have traditional tuning pegs on the head and are therefore tuned by a plurality of macro-tuners positioned on a fulcrum tremolo.

29.     McCabe is informed and believes, and thereon alleges, that FRM made, used, sold, imported, exported, and/or offered for sale the accused products, and continues to make, use, sell, import, export, and/or offer for sale the accused products, and has a financial interest in the commercialization of the accused products.

30.     McCabe is informed and believes, and thereon alleges, that Rose made and used the accused products, and continues to make and use the accused products, and has a financial interest in the commercialization of the accused products.

31.     McCabe is informed and believes, and thereon alleges, that DHM used, sold, imported, exported, and/or offered for sale the accused products, and had a financial interest in the distribution of the accused products through commercial channels.

32.     McCabe is informed and believes, and thereon alleges, that PWI made, sold, and imported, in whole or in part, into the United State the accused products, and continues to make, sell, and import, in whole or in part, into the United States the accused products for FRM, Rose, DHM, and/or APG.

33.     McCabe is informed and believes, and thereon alleges, that APG made, used, sold, imported, exported, and/or offered for sale the accused products, and continues to make, use, sell, import, export, and/or offer for sale the accused products, and has a financial interest in the commercialization of the accused products.

34.     McCabe is informed and believes, and thereon alleges, that Schaller made, sold,

-7-

and imported, in whole or in part, into the United State the accused products, and continues to make, sell, and import, in whole or in part, into the United States the accused products for FRM, Rose, DHM, and/or APG.

35.    McCabe is informed and believes, and thereon alleges, that Joseph F. Littenberg and John R. Nelson, attorneys for FRM, Rose, DHM, PWI, API and/or Schaller and possibly other attorneys at the law firm of Lerner, David, Littenberg, Krumholz & Mentlik LLP ("Lerner, David"), own a major portion of and/or have a controlling interest in the business of or intellectual property owned by Rose, FRM and/or APG. Lerner, David receives and controls the flow of intellectual property royalty payments to Rose and/or FRM, and/or their licensees.

36.    McCabe is informed and believes, and thereon alleges, that on or about January 19, 2001, McCabe was introduced to and met with Rose at the request of Rose while attending the North American Music Merchants (NAMM) exhibition in Anaheim, CA. During that meeting, Rose requested to see and read the '831 patent in the presence of McCabe and Paul Reed Smith, a luthier, a named inventor on a number of U.S. patents, and the founder and owner of PRS Guitars. At that time, McCabe informed Rose of the October 31, 1990, priority date of the '831 patent. The meeting occurred at the exhibition booth of Schaller.

37.    McCabe is informed and believes, and thereon alleges, that FRM, Rose, DHM, APG, and/or Schaller commercially introduced the accused products at the 2003 NAMM Show, which was held in Anaheim, CA.  McCabe witnessed one or more of the accused products placed on various manufacturers' guitars at that trade show including Fender, the largest manufacturer of musical products in the United States.

38.    McCabe is informed and believes, and thereon alleges, that Rose understands and believes that the accused products infringe one or more claims of the '831, '191, '066, '094, and/or '841 patents, and hence wishes to take a license from or reach a reasonable and fair settlement with McCabe. Nonetheless, Joseph F. Littenberg and John R. Nelson, and possibly other attorneys at the law firm of Lerner, David, and/or APG who own a major portion of and/or have a controlling interest in FRM have at one time or another unreasonably and in bad faith thwarted any and all licensing or settlement negotiations between McCabe and FRM.

**FIRST AMENDED COMPLAINT**

39.     McCabe is informed and believes, and thereon alleges, that Schaller or one or more attorneys of Schaller understands and believes that the accused products infringe one or more claims of the '831, '191, '066, '094, and/or '841 patents.

40.     McCabe is informed and believes, and thereon alleges, that previous counsel of McCabe, ISR Law, discussed the accused products vis-à-vis the claims of the '831, '191, and '066 patents with John Nelson, counsel for FRM and/or Rose, at the January 2004 NAMM show in Anaheim, CA. McCabe's counsel followed up with an email to John Nelson regarding FRG's and FRM's infringement of the '831, '191, and '066 patents. Attorneys from ISR Law, who were working on McCabe's behalf at the time, included Michael G. Smith, a former patent examiner and registered patent attorney, and Ellis B. Rameriz, a former supervisory patent examiner and registered patent attorney.

41.     McCabe is informed and believes, and thereon alleges, that in May of 2005, after ISR Law dissolved and ended its relationship with McCabe, McCabe attempted to contact John Nelson regarding Defendants' infringement of the '831, '191, '066, and '094 patents. John Nelson directed McCabe to speak directly with Rose.

42.     McCabe is informed and believes, and thereon alleges, that in January of 2006, while at the NAMM show in Anaheim, CA, McCabe approached Rose to discuss his and his namesake companies' infringement of the '831, '191, '066, and '094 patents. Rose directed McCabe to speak with John Nelson, who subsequently refused to speak with McCabe and directed McCabe to speak to Rose.

43.     On November 3, 2006, the U.S. International Trade Commission ("ITC") instituted an investigation based on a complaint filed October 3, 2006, and supplemented October 24, 2006, by McCabe. *See In re Certain Stringed Musical Instruments and Components Thereof*, Inv. No. 337-TA-586, 71 Fed. Reg. 64738 (Nov. 3, 2006). The complaint alleged violations of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, in the importation into the United States, the sale for importation, and the sale within the United States after importation of certain stringed musical instruments and components thereof by reason of infringement of one or more of claims 1-6, 8, 9, and 11 of the '066 patent; claims 1-6 of the '831 patent; claims 1 and

-9-

14-22 of the '094 patent; and claims 1-3, 6-10, 14, 15, 23, 27, 28, and 32 of the '191 patent. The complaint named as respondents FRG; Ibanez, Inc. (Hoshino) US ("Hoshino"); Vigier, Inc. ("Vigier"); and Schaller Electronic GmbH. On May 7, 2007, Hoshino and Vigier were terminated from the investigation on the basis of settlement agreements reached with McCabe.

44.     On August 13, 2007, an evidentiary hearing in Inv. No. 337-TA-586 was conducted at the ITC in Washington, DC before the Honorable Charles E. Bullock, administrative law judge of the ITC. Counsel for McCabe appeared on behalf of McCabe, who testified at the hearing. None of the respondents made an appearance. Rose and his counsel did not attend the hearing. Rhett Snotherly and T. Spence Chubb, attorneys with the ITC's Office of Unfair Import Investigations ("OUII"), appeared at the hearing on behalf of the ITC staff.

45.     McCabe is informed and believes, and thereon alleges, that the OUII concluded during its independent fact investigation in ITC Inv. No. 337-TA-586 that one more of claims 1-6, 8, 9, and 11 of the '066 patent; claims 1-6 of the '831 patent; claims 1 and 14-22 of the '094 patent; and claims 1-3, 6-10, 14, 15, 23, 27, 28, and 32 of the '191 patent, were valid and enforceable, and infringed by FRG.

46.     On December 3, 2007, Judge Bullock issued a final initial determination finding no violation of section 337 of the Tariff Act in ITC Inv. No. 337-TA-586 on the ground that complainant McCabe's activities did not satisfy the economic prong of the domestic industry requirement. Judge Bullock did not reach the questions of infringement, validity, and enforceability of the '066, '831, '094, and '191 patents. ITC Inv. No. 337-TA-586 was terminated by way of the Commission's Opinion on May 16, 2008.

47.     On January 12, 2009, McCabe filed a complaint for patent infringement against FRM and Hipshot Products, Inc. ("Hipshot") in the United States District Court for the Central District of California (*Geoffrey McCabe v. Floyd Rose Marketing, Inc.*, Case No. 2:09-cv-00253-RGK-E). In the complaint, McCabe accused FRM of infringing one or more claims of the '831, '066, and '094 patents. McCabe's claims of patent infringement against FRM relate back to the aforesaid Central District of California action.

48.     On March 2, 2009, McCabe submitted a first amended complaint for patent

infringement in Case No. 2:09-cv-00253-RGK-E. In the first amended complaint, McCabe accused FRM of infringing one or more claims of the '831, '066, '094, and '841 patents.

49.     On June 6, 2009, FRM was dismissed without prejudice from Case No. 2:09-cv-00253-RGK-E pursuant to Fed. R. Civ. Pro. No. 41(a) in order for McCabe to efficiently pursue his claims against Hipshot. At that time, McCabe was proceeding in the case pro se and planned to file a subsequent and separate lawsuit against FRM.

50.     On October 4, 2009, Hipshot Products, Inc. was dismissed from Case No. 2:09-cv-00253-RGK-E upon Hipshot entering into a settlement agreement with McCabe for infringement of the '094, '066, and '841 patents. The settlement included compensation for past infringement of the '094, '066, and '841 patents, as well as a license under the '841 patent. Case No. 2:09-cv-00253-RGK-E was closed on February 11, 2010.

51.     McCabe licenses all of his active U.S. patents including the '831, '191, '066, '094, and '841 patents.  McCabe is informed and believes, and thereon alleges that licensees of those patents sell and distribute products worldwide through online stores, retail distribution efforts, direct sales force, and third-party wholesalers, resellers, and value added resellers.

52.     McCabe is informed and believes, and thereon alleges, that at least 6,000 Floyd Rose branded guitars incorporating a SpeedLoader Tremolo or SpeedLoader Fixed Bridge have entered the commercial market since introduction in 2003. Defendants also make, use, sell, offer for sale, import and/or export an unknown, but significant number of SpeedLoader Tremolo and SpeedLoader Fixed Bridge devices apart from the aforesaid Floyd Rose guitars.

53.     McCabe is informed and believes, and thereon alleges, that FRM, Rose, DHM, and/or APG made (and continue to make), sold (and continue to sell), imported (and continue to import), exported (and continue to export), used (and continue to use) and/or offered for sale (and continue to offer for sale) replacement guitar strings under the brand name Floyd Rose SpeedLoader Guitar Strings for guitars equipped with the SpeedLoader Tremolo or SpeedLoader Fixed Bridge. The basis for the demand for the aforesaid replacement guitar strings is primarily the SpeedLoader Tremolo or SpeedLoader Fixed Bridge integrated in a guitar. There is no market for the aforesaid replacement guitar strings separate from guitars equipped with the SpeedLoader

-11-

Tremolo or SpeedLoader Fixed Bridge.

54.     McCabe is informed and believes, and thereon alleges, that Defendants marked, continue to mark, sold, continue to sell, offered for sale, and offer for sale unpatented Rose branded guitars, fulcrum tremolo devices, and parts thereof with expired patent numbers including U.S. Patent No. 4,171,661 and U.S. Patent No. 4,497,236.

55.     McCabe is informed and believes, and thereon alleges, that FRM, Rose, and APG have represented and currently represent through various promotional and publicly available literature and websites (including www.floydrose.com and www.apintl.com, which are both registered to Andrew Papiccio) that The Floyd Rose Original tremolo and components thereof are "patented" when in fact they are not. The Floyd Rose Original tremolo has been commercially available for over 30 years and there is no plausible way that any valid and enforceable patent rights could be associated therewith.

56.     McCabe is informed and believes, and thereon alleges, that FRM, Rose, and APG improperly and deceitfully claim (and/or have claimed) trade dress rights associated with the look and appearance of The Floyd Rose Original tremolo. Rose has never sought registration of his alleged trade dress rights with the United States Patent & Trademark Office. The Floyd Rose Original tremolo was patented by way of, among other patents, the '661 patent and the '236 patent. Every feature of The Floyd Rose Original tremolo is functional and essential to the use or purpose of the tremolo, and thus cannot serve as a basis of trademark rights. The look and appearance of The Floyd Rose Original tremolo is not an ornamental, incidental, or arbitrary aspect of the device.

57.     On March 29, 2010, the ITC instituted an investigation based on a complaint filed February 26, 2010, by McCabe. *See In re Certain Stringed Musical Instruments and Components Thereof*, Inv. No. 337-TA-708, 75 Fed. Reg. 63 (March 29, 2010). The complaint alleged violations of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, in the importation into the United States, the sale for importation, and the sale within the United States after importation of certain stringed musical instruments and components thereof by reason of infringement of one or more of claims 1-6, 8, 9, and 11 of the '066 patent; claims 1-3, 5 and 6 of

the '831 patent; claims 1, 14-18, and 20-22 of the '094 patent; claims 1-3, 6, 14, 23, 27, and 32 of the '191 patent; and claims 6, 8-11, 27, 29, and 31 of the '841 patent. The complaint named as respondents: FRG; FRM; Rose; DHM; PWI; Lerner, David, Littenberg, Krumholz & Mentlik, LLP; and Hoshino.

58.     In late May of 2010, Complainant McCabe and Respondents FRG, FRM, DHM, and PWI agreed to a Consent Order whereby "Respondents shall not, except under consent or license from Complainant or his assignees, sell for importation, import into the United States or sell in the United States after importation, or knowingly aid, abet, encourage, participate in, or induce the sale for importation, importation into the United States or sale in the United States after importation, of the accused stringed musical instruments and components thereof, including without limitation fulcrum tremolos marketed under the brand names Floyd Rose SpeedLoader fulcrum tremolos, and guitars with Floyd Rose SpeedLoader tremolos including but not limited to those guitars so equipped and marketed under the brand names Floyd Rose Discovery Series and Floyd Rose Redmond Series guitars, that are alleged to infringe on or more of the following: Claim 1 of Complainant's U.S. Patent No. 5,986,191 ("the '191 Patent"); Claim 8 of Complainant's U.S. Patent No. 6,175,066 ("the '066 Patent"); and Claims 29 and 31 of Complainant's U.S. Patent No. 7,470,841 ("the '841 Patent")."  The Consent Order was granted by Judge Bullock on June 4, 2010. ITC Inv. No. 337-TA-708 was terminated as to the remaining Respondents by way of the Commission's Initial Determination dated September 7, 2010.

## FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 5,965,831)

### (Against All Defendants – FRM, Rose, DHM, PWI, APG, and Schaller)

59.     McCabe repeats, realleges, and incorporates by reference the allegations set forth in  paragraphs 1 through 58 of this Complaint.

60.     This is a claim for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

61.     McCabe is informed and believes, and thereon alleges, that Defendants FRM, Rose, DHM, PWI, APG, and Schaller, through their agents, officers, directors, employees and

-13-

servants, have been and are currently willfully and intentionally infringing the '831 patent by making, using, selling, importing, exporting, and/or offering to sell products such as, but not limited to the aforesaid accused products, that are covered by at least one claim of the '831 patent. Defendants' acts constitute infringement of the '831 patent in violation of 35 U.S.C. § 271.

62.     McCabe is informed and believes, and thereon alleges, that Defendants' products such as, but not limited to the SpeedLoader Tremolo and the SpeedLoader Fixed Bridge, and guitars equipped with the SpeedLoader Tremolo or SpeedLoader Fixed Bridge satisfy, either literally or under the doctrine of equivalents, each and every element recited in one or more claims of the '831 patent.

63.     McCabe is informed and believes, and thereon alleges, that Defendants' infringement will continue unless enjoined by this Court.

64.     McCabe is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to McCabe. By reason of the aforesaid acts of infringement, McCabe has been damaged and is entitled to monetary relief in an amount to be determined at trial.

65.     Because of the aforesaid infringing acts, McCabe has suffered and continues to suffer great and irreparable injury, for which McCabe has no adequate remedy at law.

**<u>SECOND CLAIM FOR RELIEF</u>**

**(Infringement of U.S. Patent No. 7,470,841)**

**(Against All Defendants – FRM, Rose, DHM, PWI, APG, and Schaller)**

66.     McCabe repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 65 of this Complaint.

67.     This is a claim for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

68.     McCabe is informed and believes, and thereon alleges, that Defendants FRM, Rose, DHM, PWI, APG, and Schaller, through their agents, officers, directors, employees and servants, have been and are currently willfully and intentionally infringing the '841 patent by

-14-

making, using, selling, importing, exporting, and/or offering to sell products such as, but not limited to the aforesaid accused products, that are covered by at least one claim of the '841 patent. Defendants' acts constitute infringement of the '841 patent in violation of 35 U.S.C. § 271.

69.     McCabe is informed and believes, and thereon alleges, that Defendants' products such as, but not limited to the SpeedLoader Tremolo and the SpeedLoader Fixed Bridge, and guitars equipped with the SpeedLoader Tremolo or SpeedLoader Fixed Bridge satisfy, either literally or under the doctrine of equivalents, each and every element recited in one or more claims of the '841 patent.

70.     McCabe is informed and believes, and thereon alleges, that Defendants' infringement will continue unless enjoined by this Court.

71.     McCabe is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to McCabe. By reason of the aforesaid acts of infringement, McCabe has been damaged and is entitled to monetary relief in an amount to be determined at trial.

72.     Because of the aforesaid infringing acts, McCabe has suffered and continues to suffer great and irreparable injury, for which McCabe has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**

**(Infringement of U.S. Patent No. 6,175,066)**

**(Against All Defendants – FRM, Rose, DHM, PWI, APG, and Schaller)**

73.     McCabe repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 72 of this Complaint.

74.     This is a claim for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

75.     McCabe is informed and believes, and thereon alleges, that Defendants FRM, Rose, DHM, PWI, APG, and Schaller, through their agents, officers, directors, employees and servants, have been and are currently willfully and intentionally infringing the '066 patent by making, using, selling, importing, exporting, and/or offering to sell products such as, but not

-15-

1   limited to the aforesaid accused products, that are covered by at least one claim of the '066 patent.

2   Defendants' acts constitute infringement of the '066 patent in violation of 35 U.S.C. § 271.

3        76.    McCabe is informed and believes, and thereon alleges, that Defendants' products

4   such as, but not limited to the SpeedLoader Tremolo and the SpeedLoader Fixed Bridge, and

5   guitars equipped with the SpeedLoader Tremolo or SpeedLoader Fixed Bridge satisfy, either

6   literally or under the doctrine of equivalents, each and every element recited in one or more

7   claims of the '066 patent.

8        77.    McCabe is informed and believes, and thereon alleges, that Defendants'

9   infringement will continue unless enjoined by this Court.

10        78.    McCabe is informed and believes, and thereon alleges, that Defendants have

11   derived and received, and will continue to derive and receive, gains, profits and advantages from

12   the aforesaid acts of infringement in an amount that is not presently known to McCabe. By reason

13   of the aforesaid acts of infringement, McCabe has been damaged and is entitled to monetary relief

14   in an amount to be determined at trial.

15        79.    Because of the aforesaid infringing acts, McCabe has suffered and continues to

16   suffer great and irreparable injury, for which McCabe has no adequate remedy at law.

17   **<u>FOURTH CLAIM FOR RELIEF</u>**

18   **(Infringement of U.S. Patent No. 6,891,094)**

19   **(Against All Defendants – FRM, Rose, DHM, PWI, APG, and Schaller)**

20        80.    McCabe repeats, realleges, and incorporates by reference the allegations set forth

21   in paragraphs 1 through 79 of this Complaint.

22        81.    This is a claim for patent infringement and arises under the Patent Laws of the

23   United States, Title 35 of the United States Code.

24        82.    McCabe is informed and believes, and thereon alleges that Defendants FRM,

25   Rose, DHM, PWI, APG, and Schaller, through their agents, officers, directors, employees and

26   servants, have been and are currently willfully and intentionally infringing the '094 patent by

27   making, using, selling, importing, exporting, and/or offering to sell products such as, but not

28   limited to the aforesaid accused products, that are covered by at least one claim of the '094 patent.

Defendants' acts constitute infringement of the '094 patent in violation of 35 U.S.C. § 271.

83.     McCabe is informed and believes, and thereon alleges, that Defendants' products such as, but not limited to the SpeedLoader Tremolo and the SpeedLoader Fixed Bridge, and guitars equipped with the SpeedLoader Tremolo or SpeedLoader Fixed Bridge satisfy, either literally or under the doctrine of equivalents, each and every element recited in one or more claims of the '094 patent.

84.     McCabe is informed and believes, and thereon alleges, that Defendants' infringement will continue unless enjoined by this Court.

85.     McCabe is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to McCabe. By reason of the aforesaid acts of infringement, McCabe has been damaged and is entitled to monetary relief in an amount to be determined at trial.

86.     Because of the aforesaid infringing acts, McCabe has suffered and continues to suffer great and irreparable injury, for which McCabe has no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF**

**(Infringement of U.S. Patent No. 5,986,191)**

**(Against All Defendants – FRM, Rose, DHM, PWI, APG, and Schaller)**

87.     McCabe repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 86 of this Complaint.

88.     This is a claim for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

89.     McCabe is informed and believes, and thereon alleges that Defendants FRM, Rose, DHM, PWI, APG, and Schaller, through their agents, officers, directors, employees and servants, have been and are currently willfully and intentionally infringing the '191 patent by making, using, selling, importing, exporting, and/or offering to sell products such as, but not limited to the aforesaid accused products, that are covered by at least one claim of the '191 patent. Defendants' acts constitute infringement of the '191 patent in violation of 35 U.S.C. § 271.

-17-

90.     McCabe is informed and believes, and thereon alleges, that Defendants' products such as, but not limited to the SpeedLoader Tremolo and the SpeedLoader Fixed Bridge, and guitars equipped with the SpeedLoader Tremolo or SpeedLoader Fixed Bridge satisfy, either literally or under the doctrine of equivalents, each and every element recited in one or more claims of the '191 patent.

91.     McCabe is informed and believes, and thereon alleges, that Defendants' infringement will continue unless enjoined by this Court.

92.     McCabe is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to McCabe. By reason of the aforesaid acts of infringement, McCabe has been damaged and is entitled to monetary relief in an amount to be determined at trial.

93.     Because of the aforesaid infringing acts, McCabe has suffered and continues to suffer great and irreparable injury, for which McCabe has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

### (False Marking)

### (Against All Defendants – FRM, Rose, DHM, PWI, APG, and Schaller)

94.     McCabe repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 93 of this Complaint.

95.     This claim is for false patent marking arising under the Patent Laws of the United States, Title 35.

96.     McCabe is informed and believes, and thereon alleges, that FRM, Rose, DHM, PWI, APG, and Schaller violated and continue to violate 35 U.S.C. § 292, by marking and continuing to mark unpatented articles with expired patent numbers, with an intent to deceive the public.

97.     McCabe is informed and believes, and thereon alleges, that FRM, Rose, DHM, PWI, APG, and Schaller did and do not have a reasonable belief that the unpatented articles were properly marked.

-18-

98.     McCabe is informed and believes, and thereon alleges, that FRM, Rose, DHM, PWI, APG, and Schaller market and sell (and/or marketed and sold) tremolo devices including, but not limited to The Floyd Rose Original tremolo, SpeedLoader Tremolo and SpeedLoader Fixed Bridge, and components thereof, as well as guitars equipped with the aforesaid tremolo devices marked with U.S. Patent No. 4,171,661, which expired on January 3, 1997.

99.     McCabe is informed and believes, and thereon alleges, that FRM, Rose, DHM, PWI, APG, and Schaller market and sell (and/or marketed and sold) tremolo devices including, but not limited to The Floyd Rose Original tremolo, SpeedLoader Tremolo and SpeedLoader Fixed Bridge, as well as guitars equipped with the aforesaid tremolo devices marked with U.S. Patent No. 4,497,236, which expired on March 15, 2002.

100.    McCabe is informed and believes, and thereon alleges, that Rose has received one or more United States patents covering aspects of the SpeedLoader Tremolo and SpeedLoader Fixed Bridge, as well as guitars equipped with such ("the SpeedLoader patents"). Nonetheless, FRM, Rose, DHM, PWI, APG, and Schaller marked commercial versions of the SpeedLoader Tremolo and SpeedLoader Fixed Bridge, as well as guitars equipped with such, not with the unexpired SpeedLoader patents, but with the expired '661 and '236 patents, which covered the Original Floyd Rose Fulcrum Tremolo and became unenforceable prior to the commercial launch of the SpeedLoader Tremolo and SpeedLoader Fixed Bridge.  McCabe's patents asserted herein pre-date the SpeedLoader patents.

101.    McCabe is informed and believes, and thereon alleges, that The Floyd Rose Original tremolo has been manufactured in whole or in part by numerous separate entities from around the world, each different manufacturer having marked those articles with the expired '661 and '236 patent numbers.

102.    McCabe is informed and believes, and thereon alleges, that Rose branded SpeedLoader tremolos and guitars equipped with such were not well received in the market.

103.    McCabe is informed and believes, and thereon alleges, that brand loyalty to The Floyd Rose Original tremolo has eroded over the years due to a move to low quality components manufactured in Asia.

-19-

FIRST AMENDED COMPLAINT

104.   McCabe is informed and believes, and thereon alleges, that Rose, FRM, DHM, PWI, APG, and/or Schaller personally inspect a prototype tremolo (including patent number markings) before bulk quantities are manufactured.

105.   McCabe is informed and believes, and thereon alleges, that Rose personally authorizes, directs, or actively participates in the false marking actions complained of herein.

106.   McCabe is informed and believes, and thereon alleges, that Rose has licensed his '661 patent and/or '236 patent as an individual and not as FRM.

107.   McCabe is informed and believes, and thereon alleges, that since 2002, FRM, DHM, PWI, Schaller, and Rose have marked The Floyd Rose Original tremolo with expired patent numbers, e.g., the '661 patent and the '236 patent, in an attempt to stifle competition and to squeeze revenue from a dying product line.

108.   McCabe is informed and believes, and thereon alleges that FRM, DHM, PWI, Schaller, and/or Rose have entered into patent license agreements pursued, drafted, and secured by Lerner, David, which include extensive sections devoted exclusively to patent "marking," and explicitly acknowledge that the '661 patent and/or the '236 patent have expired (or the '236 patent will soon expire).

109.   McCabe is informed and believes, and thereon alleges that PWI knew that the '661 patent was expired and the '236 patent was soon to expire when PWI entered into a business relationship with Rose and FRM in 2001.

110.   McCabe is informed and believes, and thereon alleges that DHM knew that the '661 patent and the '236 patent were expired when DHM entered into a business relationship with Rose and FRM in 2004.

111.   McCabe is informed and believes, and thereon alleges that Schaller knew that the '661 patent and the '236 patent were expired when Schaller entered into a business relationship with Rose, FRM, and DHM in 2005.

112.   McCabe is informed and believes, and thereon alleges, that in the 2007 discovery phase of ITC Investigation No. TA-586, an associate of Lerner, David – Mitchell Mehlman – signed and submitted a discovery response on behalf of Respondent Rose, acknowledging Mr.

-20-

McCabe's contention that the "Original Floyd Rose and Speedloader tremolos are stamped with [expired] Patent Nos. 4,497,236 and 4,171,661" – nonetheless no action was subsequently taken to remove the expired patent numbers from current and future devices.

113.    McCabe is informed and believes, and thereon alleges, that the expired '236 and '661 patent numbers could have easily been eliminated from the manufacturing process of Rose branded tremolos without a significant expenditure of time and money.

114.    McCabe is informed and believes, and thereon alleges, that during the January 2010 NAMM Show in Anaheim, CA, FRM, Rose, APG, and Schaller marketed and offered for sale tremolo devices including, but not limited to The Floyd Rose Original tremolo, SpeedLoader Tremolo and SpeedLoader Fixed Bridge, as well as guitars equipped with the aforesaid tremolo devices marked with U.S. Patent No. 4,171,661 and U.S. Patent No. 4,497,236.

115.    McCabe is informed and believes, and thereon alleges, that each aforesaid falsely marked article is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

116.    McCabe is informed and believes, and thereon alleges, that the underlying technology of The Floyd Rose Original tremolo has been freely available (to competitors and the public at large) without Rose's consent since the expiration of the '236 patent and Rose's U.S. Patent No. 4,549,461.

117.    McCabe is informed and believes, and thereon alleges, that each aforesaid falsely marked article has wrongfully quelled competition with respect to such articles, thereby causing harm to McCabe, the United States, and the public at large.

118.    McCabe is informed and believes, and thereon alleges, that as many as 20,000 or more units of The Floyd Rose Original tremolos have been marked with U.S. Patent No. 4,171,661 and/or U.S. Patent No. 4,497,236 and sold by FRM, DHM, Rose, and/or APG per year for 13 years.

119.    McCabe is informed and believes, and thereon alleges, that FRM and/or Rose have improperly procured eleven (11) patents issued in the mid to late 1990s, entitled "Tuning Systems for Stringed Musical Instruments," which claim various aspects of fulcrum tremolo and fixed-

-21-

bridge devices capable of achieving convergent tuning ("the Rose convergent tuning patents"). "Convergent tuning" is a term that was introduced by Rose and/or his representatives around the filing of the Rose convergent tuning patents and refers to the substantially simultaneous occurrence of harmonic and pitch tuning of multiple strings of a guitar or other stringed instruments.

120.     McCabe is informed and believes, and thereon alleges, that the subject matter of the Rose convergent tuning patents are claiming inventions originally disclosed, taught, and/or suggested in U.S. Patent No. 4,171,661 and/or U.S. Patent No. 4,497,236, and/or embodied by the Original Floyd Rose Fulcrum Tremolo. The Rose convergent tuning patents improperly extend the expired patent rights associated with U.S. Patent No. 4,171,661 and/or U.S. Patent No. 4,497,236.

121.     McCabe is informed and believes, and thereon alleges, that FRM and/or Rose have deceptively claimed at public meetings as well as in public literature that the SpeedLoader Tremolo is unique in that it practices convergent tuning.  McCabe is informed and believes, and thereon alleges, that the current version of The Floyd Rose Original tremolo, which dates back to the 1980s, practices convergent tuning.

122.     McCabe is informed and believes, and thereon alleges, that Defendants FRM, DHM, and/or Rose specifically sought, in the instance of the SpeedLoader Tremolo, to mislead the public away from the improperly procured Rose convergent tuning patents by marking commercially available SpeedLoader Tremolos with expired patent numbers, U.S. Patent No. 4,171,661 and/or U.S. Patent No. 4,497,236.

123.     McCabe is informed and believes, and thereon alleges, that several international distributors of licensed Floyd Rose tremolos are currently distributing Floyd Rose fulcrum tremolos marked with the expired patent numbers, U.S. Patent No. 4,171,661 and/or U.S. Patent No. 4,497,236. McCabe witnessed the aforesaid falsely marked tremolo devices while attending the January 2010 NAMM Show in Anaheim, CA.

124.     McCabe is informed and believes, and thereon alleges, that FRM, Rose, and APG wrongfully and illegally advertised and continue to advertise a patent monopoly in which they do

-22-

not possess and, as a result, have benefited commercially and financially by maintaining false statements of patent rights. FRM and APG currently publicize that The Floyd Rose Original tremolo is patented.

125.    McCabe is informed and believes, and thereon alleges, that FRM, Rose, and APG improperly and deceitfully represent and receive royalties for non-existent trade dress rights associated with The Floyd Rose Original tremolo.

**SEVENTH CLAIM FOR RELIEF**

**(Common Law Unfair Competition)**

**(Against All Defendants – FRM, Rose, DHM, PWI, APG, and Schaller)**

126.    McCabe repeats, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 125 of this Complaint.

127.    This claim is for unfair competition under California common law.

128.    The acts of FRM, Rose, DHM, PWI, APG, and Schaller alleged herein include manufacturing, selling, and offering for sale unpatented articles marked with expired patent numbers and/or improperly obtained patent numbers for the purpose of increasing sales and profits constitute unlawful, unfair and fraudulent business practices in violation of California common law.

129.    The acts of FRM, Rose, DHM, PWI, APG, and Schaller alleged herein have caused each Defendant to receive a benefit that it otherwise would not have achieved.

130.    As a direct and proximate result of the aforesaid deceptive business practices, McCabe has and will continue to suffer great harm and damage.  McCabe has incurred and will continue to incur irreparable harm unless FRM, Rose, DHM, PWI, APG, and Schaller are enjoined from further commission of unfair and unlawful business acts and practices against McCabe.

**EIGTH CLAIM FOR RELIEF**

**(Statutory Unfair Competition)**

**(Against All Defendants – FRM, Rose, DHM, PWI, APG, and Schaller)**

131.    McCabe repeats, realleges, and incorporates by reference the allegations set forth

-23-

in paragraphs 1 through 130 of this Complaint.

132. This claim is for statutory unfair competition in violation of California Business & Professions Code § 17200 *et seq.*

133. The acts of FRM, Rose, DHM, PWI, APG, and Schaller alleged herein include manufacturing, selling, and offering for sale unpatented articles marked with expired patent numbers and/or improperly obtained patent numbers for the purpose of increasing sales and profits constitute unlawful, unfair and fraudulent business practices in violation of California Business & Professions Code § 17200 *et seq.*

134. The acts of FRM, Rose, DHM, PWI, APG, and Schaller alleged herein are likely to deceive the public and induce competitors to unnecessarily obtain the consent of FRM, Rose, and/or Lerner, David, for the sale and distribution of double-locking fulcrum tremolos (as set forth in the '661 patent and the '236 patent) within the United States.

135. As a direct and proximate result of the aforesaid deceptive business practices, McCabe has and will continue to suffer great harm and damage. McCabe has incurred and will continue to incur irreparable harm unless FRM, Rose, DHM, PWI, APG, and Schaller are enjoined from further commission of unfair and unlawful business acts and practices against McCabe.

## PRAYER FOR RELIEF

WHEREFORE, McCabe prays for judgment in his favor against Defendants for the following relief:

A. An Order adjudging Defendants to have infringed the '831, '841, '066, '094 and '191 patents under 35 U.S.C. § 271;

B. An Order adjudging Defendants to have willfully infringed the '831, '841, '066, '094 and '191 patents under 35 U.S.C. § 271;

C. An injunction enjoining Defendants, their respective officers, directors, agents, servants, employees and attorneys, and those persons acting in concert or participation with Defendants, from directly or indirectly infringing the '831, '841, '066, '094 and '191 patents in violation of 35 U.S.C. § 271;

D.      That Defendants account for all gains, profits, and advantages derived by Defendants' infringement of the '831, '841, '066, '094 and '191 patents in violation of 35 U.S.C. § 271, and that Defendants pay to McCabe all damages suffered by McCabe;

E.      An order for a trebling of damages and/or exemplary damages because of Defendants' willful misconduct under 35 U.S.C. § 284;

F.      An Order adjudging that this is an exceptional case;

G.      An award to McCabe of the attorneys' fees and costs incurred by McCabe in connection with this action under 35 U.S.C. § 285;

H.      An award of pre-judgment and post-judgment interest and costs of this action against Defendants;

I.      That Defendants FRM, Rose, DHM, PWI, APG, and Schaller be adjudged to have falsely marked tremolo devices and guitars with an intent to deceive in violation of 35 U.S.C. § 292;

J.      That Defendants FRM, Rose, DHM, PWI, APG, and Schaller be ordered to pay the maximum civil monetary fine of $500 for each and every falsely marked article;

K.      That Defendants FRM, Rose, DHM, PWI, APG, and Schaller be adjudged to have competed unfairly and unlawfully with McCabe under California common law;

L.      That Defendants FRM, Rose, DHM, PWI, APG, and Schaller be adjudged to have competed unfairly and unlawfully with McCabe under California Business & Professions Code §17200 *et seq.*;

M.      That Defendants be directed to file with this Court and serve on Plaintiff within thirty (30) days after service of the injunction order, a report in writing signed under oath detailing the manner and form in which Defendants have complied with the injunction;

N.      That Defendants be required to account to McCabe for any and all gains, profits and advantages derived or obtained by them, and all damages sustained by McCabe, by reason of Defendants' acts and conduct complained of herein, including Defendants' acts of patent infringement, false marking, and unfair competition;

O.      That the Court deem this case an exceptional one under 15 U.S.C. § 1117 and

1 award McCabe reasonable attorneys' fees; and

2  P.  Such other and further relief as the Court may deem proper and just.

3

4 Dated:  December 17, 2010   SAN DIEGO IP LAW GROUP LLP

5

6         By

7          DOUGLAS E. OLSON
           JAMES V. FAZIO, III

8          TREVOR Q. CODDINGTON

9        Attorneys for Plaintiff
         GEOFFREY L. MCCABE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT**

## DEMAND FOR JURY TRIAL

McCabe hereby demands a trial by jury on all issues so triable.

Dated:  December 17, 2010

SAN DIEGO IP LAW GROUP LLP

By: _____

DOUGLAS E. OLSON
JAMES V. FAZIO, III
TREVOR Q. CODDINGTON

Attorneys for Plaintiff
GEOFFREY L. MCCABE