# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

GEOFFREY L MCCABE,

Plaintiff,

vs.

FLOYD ROSE GUITARS, FLOYD ROSE MARKETING INC.; FLOYD D. ROSE, DAVITT & HANSER MUSIC CO.; PING WELL INDUSTRIAL CO.; DOES 1-10, INCLUSIVE.,

Defendants.

CASE NO. 10-CV-0581 JLS (JMA)

**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STAY PROCEEDING PENDING RE-EXAMINATION AND (2) DENYING DEFENDANT'S EX PARTE MOTION FOR LEAVE TO FILE SUR-REPLY**

(Doc. Nos. 37 & 59.)

Plaintiff's first amended complaint alleges infringement of five patents, patent false marking, and common law and statutory unfair competition. (Doc. No. 42 (FAC)). On December 7, 2010, Defendant Floyd Rose Marketing, Inc. (Floyd Rose), requested the United States Patent and Trademark Office (USPTO) to perform ex parte reexamination of all five asserted patents. (Doc. No. 37 (Mot. to Stay) at 3.) Three days later, Defendant filed the present motion to stay. (*Id.*) The motion was filed before the USPTO granted reexamination, and the Court ordered supplemental briefing on the motion after reexamination was granted. (Doc. No. 54.) After considering all relevant documents and admissible evidence, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion to stay.

The determination of whether to grant a stay pending the resolution of a reexamination of a patent at the United States Patent and Trademark Office is within the discretion of the district court. *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983). When ruling on a motion to stay the Court considers several factors: (1) the stage of the litigation, including whether discovery is or will be almost completed and whether the matter has been marked for trial; (2) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; and (3) whether a stay will simplify the issues in question and streamline the trial, thereby reducing the burden the burden of litigation on the parties and on the court. *See Alltech, Inc. v. Cenzone Tech, Inc.*, 2007 WL 935516, at *2 (S.D. Cal March 21, 2007).

The early stage of this litigation favors a stay. This Court has entertained only Defendants' motions to dismiss based on procedural matters and the present motion to stay. The parties have not yet begun discovery or made any headway on the merits of the claims.

The second factor concerns issues of prejudice and tactical disadvantage to Plaintiff if a stay is granted. Plaintiff claims prejudice based on "the lapse of time during reexamination, which could result in loss of evidence and the fading of witness memory." (Doc. No. 56 at 4.) Plaintiff states that the patent infringement claims involve evidence dating back to 2001 and that the false marking and unfair competition claims involve evidence dating back more than thirty years. (*Id.* at 4–5.) As a result, Plaintiff argues that evidence "will be (or has been) lost and respective memories will continue to fade if resolution of this case is delayed any further." (*Id.* at 5.) The Court finds that the second factor weighs in favor of denying a stay because the lapse of time during reexamination could compound the loss of evidence and the fading of witness memory. *Alltech, Inc.*, 2007 WL 935516, at *2.

The last factor is whether a stay would simplify the issues in question and streamline the trial. The answer is no. Defendant requested reexamination of the five asserted patents, but Plaintiff does not claim only patent infringement. Plaintiff also alleges causes of action for patent false marking and unfair competition. And those causes of action are based on Defendant's patents, not Plaintiff's. Defendant's requested reexamination does not affect Plaintiff's false marking and unfair competition claims. On those claims, the third factor favors denying a stay.

Nonetheless, Plaintiff's patent infringement claims are affected by reexamination, and reexamination would benefit the Court when resolving those claims. "Without a stay, litigation is likely to be duplicative, especially considering that any claims that are cancelled by the PTO will not have to be litigated at all." *DJO, LLC v. VitalWear, Inc.*, 2010 WL 4065633, at *2 (S.D. Cal. October 15, 2010). Even if no claims are invalidated, the Court would still benefit from the USPTO's expertise in having reviewed whatever prior art is presented during reexamination. *See id.* On the patent claims, the third factor favors granting a stay.

After balancing the factors, the Court **GRANTS DEFENDANT'S MOTION TO STAY** as to the five patent infringement claims. (Doc. No. 37.) This action is **STAYED** as to claims 1–5 of Plaintiff's first amended complaint. Although delay may negatively affect the evidence, the Court finds that the benefit of reexamination and the early stage of litigation ultimately favors granting a stay on the patent claims. The Court **DENIES DEFENDANT'S MOTION TO STAY** as to claims 6–8. (*Id.*) Patent reexamination does not affect these claims. And finally, the Court **DENIES** Plaintiff's ex parte motion for leave to file sur-reply in support of the motion to stay. (Doc. No. 59.) This matter has been sufficiently briefed.

**IT IS SO ORDERED.**

DATED: April 12, 2011

Janis L. Sammartino

Honorable Janis L. Sammartino
United States District Judge