# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY L. MCCABE,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>FLOYD ROSE GUITARS, FLOYD ROSE MARKETING INC., FLOYD D. ROSE, DAVITT & HANSER MUSIC CO., PING WELL INDUSTRIAL CO., AP GLOBAL ENTERPRISES INC., SCHALLER ELECTRONIC GMBH, DOES 3–10, INCLUSIVE,<br><br>　　　　　　　　　　Defendants. | CASE NO. 10CV581 JLS (JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS**<br><br>(ECF No. 77) |

　　　　Presently before the Court is Plaintiff Geoffrey L. McCabe's ("McCabe") motion for Rule 11 sanctions against defendant Ping Well Industrial Co., Ltd., and its counsel. (Mot. Sanctions, ECF No. 77) Also before the Court is Defendant Ping Well Industrial Co., Ltd. and Parker Shumaker Mills LLP's (collectively, "Defendants") response in opposition, (Resp. in Opp'n, ECF No. 81), and McCabe's reply in support, (Reply in Supp., ECF No. 85). The hearing set for the motion on December 1, 2011, was vacated, and the matter taken under submission on the papers. Having considered the parties' arguments and the law, the Court **DENIES** Plaintiff's motion for sanctions.

　　　　The factual and procedural background as summarized in this Court's October 17, 2011, Order is incorporated by reference here. (Order, Oct. 17, 2011 at 2–3, ECF No. 87) The parties' arguments on the instant motion for sanctions really boil down to a disagreement over the legal

relevancy of "drop shipments"[1] for purposes of establishing personal jurisdiction over Ping Well. Combined with Ping Well's other contacts with California, this Court previously held that the drop shipments were sufficient to confer personal jurisdiction over Ping Well. (*Id.* at 10–11) This conclusion was based on Ping Well's awareness that its products were being shipped to California, not on any finding that drop shipments to California businesses constitutes making sales or engaging in business within the forum state. (*See id.* at 10)

McCabe's Rule 11 motion for sanctions argues, however, that Defendants made "knowingly false" statements regarding Ping Well's contacts with California for purposes of establishing personal jurisdiction.[2] (Mot. Sanctions 1, ECF No. 77); (*see also id.* at 6–7) Specifically, McCabe takes issue with several declarations that state that Ping Well does not make any sales in California or solicit or engage in any business in California, contending that these statements are contrary to evidence indicating that Ping Well shipped its products to California on numerous occasions, (*id.* at 2), and are contrary to admissions in later declarations that Ping Well has made drop shipments of its products to California businesses, (*id.* at 4–5).

This Court has not held and does not now hold that Ping Well's drop shipments constitute making sales or soliciting or engaging in business in California, however. Thus, it does not follow from the shipping records and declarations regarding drop shipments that Defendants' statements denying that Ping Well makes sales or otherwise solicits and engages in business in California were "demonstrably false." (Mot. Sanctions 7, ECF No. 77) Moreover, even assuming drop shipments are legally equivalent to "making sales," the Court doubts that Defendants' statements to the contrary rise to the level of sanctionable conduct as Defendants' contention is at least a plausible view of the law. Fed. R. Civ. P. 11 advisory committee's note (noting that the Court

---

[1] A "drop shipment" is when a company sells its products to a customer, which directs delivery to a third-party located elsewhere. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 877 (9th Cir. 1982). Here, Ping Well sold its products to a Canadian corporation, which directed delivery to a third-party business located in California.

[2] McCabe also seeks sanctions for Defendants' "deliberately [sitting] on material evidence for over nine months that confirms the falsity of such statements." (Not. of Mot. Sanctions 1, ECF No. 77) This grounds for sanctions was not asserted in the draft Rule 11 motion served upon Defendants, however. (Denlinger Decl., Ex. B at 3, ECF No. 81-4) As such, the Court declines to consider it as a basis for issuing sanctions. *See, e.g.*, *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 243 F.R.D. 322, 338–40 (N.D. Iowa 2007).

1  should consider, *inter alia*, whether the party's contention "was based on a plausible view of the
2  law" in deciding whether to issue Rule 11 sanctions).
3        Having found that Defendants' allegedly knowingly false statements were not in fact false,
4  the Court **DENIES** McCabe's motion for sanctions on this basis.
5        **IT IS SO ORDERED**.
6  DATED:  December 5, 2011

                                                    *Janis L. Sammartino*
                                                    Honorable Janis L. Sammartino
                                                    United States District Judge