# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY L. MCCABE,<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br>FLOYD ROSE GUITARS, FLOYD ROSE MARKETING INC., FLOYD D. ROSE, DAVITT & HANSER MUSIC CO., PING WELL INDUSTRIAL CO., AP GLOBAL ENTERPRISES INC., SCHALLER ELECTRONIC GMBH, DOES 3–10, INCLUSIVE,<br><br>　　　　　　　　　Defendant. | CASE NO. 10CV581 JLS (JMA)<br><br>**ORDER ON MOTIONS TO SEAL**<br><br>(ECF Nos. 89, 104) |

　　　Presently before the Court are Plaintiff Geoffrey L. McCabe's ("Plaintiff") motion to file under seal certain exhibits to second amended complaint ("SAC"), (Pl.'s Mot. to Seal, ECF No. 89), and Defendants' motion to file under seal certain exhibits to Plaintiff's SAC or to require that exhibits be deleted from public filing, (Def.'s Mot. to Seal, ECF No. 104). Also before the Court are the associated oppositions and replies.[1] The hearing set for the motion on January 19, 2012, was vacated, and the matter taken under submission on the papers.

---

[1] Not shy of redundancy, Defendants' motion attaches its opposition to Plaintiff's motion in lieu of any distinct memorandum of points and authorities. And likewise, Plaintiff's opposition to Defendants' motion is identical to the reply brief it submitted in support of its own motion.

- 1 - 　　　　　10cv581

1   Though at first blush it would appear that the parties are in agreement that the nineteen
2   patent and trade dress license agreements attached as Exhibits L–AD to Plaintiff's SAC should be
3   filed under seal, that is hardly the case.  Indeed, Plaintiff's motion to file under seal actually
4   requests that its own motion be *denied*.  (Pl.'s Mot. to Seal 4, ECF No. 89)  Some background may
5   help to elucidate the procedural irregularity of the instant motions.

6   The parties agree that the relevant exhibits were provided to Plaintiff's counsel during
7   settlement negotiations soon after this action commenced.  (*Id.* at 1 n.1); (Def.'s Opp'n to Pl.'s
8   Mot. to Seal 1, ECF No. 101)  Defendants contend that the exhibits were provided on an
9   "attorneys' eyes only" basis, however, and that they would not have disclosed the documents
10  absent an agreement that they would be kept confidential.  (Def.'s Opp'n to Pl.'s Mot. to Seal 1–2,
11  ECF No. 101)

12  Long after the disclosure, Plaintiff filed his SAC.  (SAC, ECF No. 91)  Plaintiff quotes
13  extensively from the "confidential" documents in his SAC, and attached as exhibits the nineteen
14  licensing agreements.  Apparently at Defendants' request, Plaintiff therefore moved to file the
15  exhibits under seal,[2] requesting that the Court deny the motion.

16  In determining whether a document should be sealed, the Court begins with the
17  presumption of public access to court documents.  *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th
18  Cir. 1995).  The Supreme Court has recognized, however, that the right to access is not absolute.
19  *Nixon v. Warner Comm'cns, Inc.*, 435 U.S. 589 (1978).  When deciding whether access is
20  appropriate, the courts must consider "the interests advanced by the parties in light of the public
21  interest and the duty of the courts."  *Id.* at 602.  Ultimately, the decision to seal is "best left to the
22  sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and
23  circumstances of the particular case."  *Id.* at 599.

---

25  [2] Plaintiff additionally requested to seal the unredacted version of the SAC, which quotes from the nineteen exhibits. (Pl.'s Mot. to Seal 1, ECF No. 89) Defendants do not address the motion to seal
26  the SAC, but rather seek only to have the exhibits themselves filed under seal. (Def.'s Mot. to Seal 2, ECF No. 104) Indeed, prior to filing their motion to seal, Defendants "offered to allow McCabe
27  to 'unredact' the portions of the agreements quoted in the text of the SAC if McCabe would agree to remove the copies of the 19 licensing agreements from the public version of its SAC." (Def.'s Opp'n
28  to Pl.'s Mot. to Seal 1, ECF No. 101) The Court views this as a concession by Defendants that the SAC need not be filed under seal. For this reason, Plaintiff's motion to file the SAC under seal is **DENIED**.

Defendants argue that the exhibits should be filed under seal because they contain confidential commercial information pursuant to Federal Rule of Civil Procedure 26(c)(1)(G),[3] because Plaintiff's counsel would not have had access to the documents absent the agreement to maintain their confidentiality, because the documents are not essential to proving Plaintiff's claims, and because Plaintiff is filing the documents publicly merely to gratify private spite. (Def.'s Opp'n to Pl.'s Mot. to Seal 5–10, ECF No. 101) More specifically, Defendants contend that public disclosure of the confidential license agreements could harm them commercially:

> While many of the license agreements have similar provisions, several of the licenses have provisions that address the unique circumstances of the relationship between Defendants and a particular licensee. Disclosing the licenses publicly could cause licensees to complain and seek concessions where there would be no entitlement of the licensees to do so.

(*Id.* at 6)

While the Court sympathizes with Defendants' assertion that public disclosure of the license agreements could adversely impact its commercial relations, it doubts this reason alone is sufficient to overcome the "strong presumption in favor of access." *Hagestad*, 49 F.3d at 1434. However, in light of the fact that Defendants are apparently willing to have at least portions of the agreements be made publicly available—namely, those portions quoted in the SAC, *see supra* note 2—the Court believes that there must be some middle ground between a total disclosure and a total seal of the licensing agreements.

Accordingly, the Court hereby **ORDERS** the parties to meet and confer in good faith to reach an agreement on how to redact the sensitive or confidential information from the licensing agreements such that the redacted versions may be made publicly available. Within <u>fourteen days</u> from the date this Order is electronically docketed, the parties are directed to file the redacted license agreements. If, however, the parties are unable to reach an agreement as to appropriate redactions, the parties are directed to file with the Court supplemental briefing not to exceed <u>five</u>

---

[3] Rule 26 governs the discovery process, and as such is not relevant to Defendants' pre-discovery disclosures. *See, e.g.*, *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1080–81 (9th Cir. 1988) (citing with approval *Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 944–45 (2d Cir. 1983), holding that the district court's power to control discovery under Rule 26 did not extend to material obtained outside the discovery process). Defendants acknowledge this point in their briefing. (Def.'s Mot. to Seal 7, ECF No. 104 ("[I]f this were a discovery issue, Rose believes he would be entitled to entry of an appropriate protective order [pursuant to Rule 26].""))

pages commenting on the reasons for the inability to file redacted versions of the licensing agreements. At that time, the Court will reset this matter for a hearing.

**IT IS SO ORDERED**.

DATED: January 17, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge